UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2147

BETH M. HANEKE,

Plaintiff - Appellant,

versus

MID-ATLANTIC CAPITAL MANAGEMENT; GLOBAL
EXCURSIONS, INCORPORATED; BRAD CALLAHAN,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. William D. Quarles, Jr., District Judge.
(CA-03-2807-WDQ)

Submitted: March 30, 2005          Decided: May 10, 2005

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

Affirmed in part; reversed and remanded in part by unpublished per
curiam opinion.

David M. Silbiger, Mark R. Millstein, Baltimore, Maryland, for
Appellant. Louis R. Cohan, WEINSTOCK & SCAVO, P.C., Atlanta,
Georgia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Beth M. Haneke appeals from the district court's order granting summary judgment in favor of her former employer on her claims alleging failure to accommodate and wrongful discharge in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213 (2000). We affirm in part and reverse and remand in part.

This court reviews an award of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' respective burdens of proof at trial. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In determining whether the moving party has shown there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. Id. at 255.

Haneke was diagnosed with familial polyposis or "Gardners Syndrome" in 1993. This condition is marked by the development of numerous benign polyps in the colon, which typically become malignant if left untreated. The polyps grow in size, pushing against organs and systems, necessitating the insertion of stents in the ureter to pass bodily fluids. These stents must be changed approximately every eight weeks. This procedure takes place on an

outpatient basis and usually requires two to three days of recovery. In addition, the polyps cause obstruction of renal function and infections that can unexpectedly flare up and require hospital care. Haneke's day-to-day symptoms and limitations include restrictions on heavy lifting and excessive physical activity, dehydration, fatigue, pain, and dietary restrictions. In 1993, physicians removed Haneke's large intestine, necessitating the use of a colostomy bag. Haneke argues that her disease substantially limits her ability to care for herself after surgical procedures and during "flare-ups". During those times, she describes herself as "bedridden" and "completely reliant" upon others.

To establish a prima facie case for failure to accommodate, an employee must show: (1) she was an individual with a disability within the meaning of the ADA; (2) the employer had notice of her disability; (3) with reasonable accommodation, she could perform the essential functions of the position; and (4) the employer refused to make such accommodations. Rhoads v. FDIC, 257 F.3d 373, 387 n.11 (4th Cir. 2001). Implicit in the fourth element is the ADA requirement that the employer and employee engage in an interactive process to identify a reasonable accommodation. 29 C.F.R. § 1630.2(o)(3). We find that there is a disputed issue of material fact as to whether both parties met their respective burdens of engaging in the interactive process in good faith, and

whether that caused a failure to accommodate.  Accordingly, we reverse and remand to the district court for further proceedings on this issue.

To establish a prime facie case of wrongful discharge, a plaintiff must show by a preponderance of the evidence that (1) she is within the ADA's protected class; (2) she was discharged; (3) at the time of her discharge, she was performing the job at a level that met her employer's legitimate expectations; and (4) her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination.  <u>Haulbrook v. Michelin N. Am., Inc.</u>, 252 F.3d 696, 702 (4th Cir. 2001) (internal citations omitted).  We have reviewed the record and the opinion of the district court and find no reversible error as to this claim.  We therefore affirm  the award of summary judgment as to the wrongful discharge claim on the reasoning of the district court.  <u>See</u> <u>Haneke v. Mid-Atlantic Capital Mgmt.</u>, No. CA-03-2807-WDQ (D. Md. Aug. 10, 2004).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; REVERSED</u>
<u>AND REMANDED IN PART</u>

- 4 -